**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

JARED LUCKY, AIS 282440, :

Petitioner, :

vs. : CA 16-0190-CG-C

WARDEN RENÉ MASON, :

Respondent.

**REPORT AND RECOMMENDATION**

Jared Lucky, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72, and General Local Rule 72(a)(2)(R). It is recommended that the instant petition be dismissed as time barred under the Anti-Terrorism and Effective Death Penalty Act's one-year limitations provision contained in 28 U.S.C. § 2244(d).[1]

**FINDINGS OF FACT**

Based on the allegations gleaned from the petition for writ of habeas corpus (Doc. 1), Lucky was convicted of first-degree robbery in the Circuit Court of Mobile County, Alabama on February 14, 2012, and was sentenced to life imprisonment (*see id.* at 2). The Alabama Court of Criminal Appeals affirmed Lucky's conviction and sentence on August 10, 2012. *See Lucky v. State*, 152 So.3d 460 (Ala. Crim. App. Aug. 10,

---

[1] Based on the contents of this report and recommendation, petitioner's motion to proceed without prepayment of fees and costs (Doc. 2) is **DENIED**.

2012) (table). Petitioner does not recall whether he filed a petition for writ of certiorari with the Alabama Supreme Court (Doc. 1, at 3); however, it is clear to the undersigned that Lucky did not seek certiorari review in Alabama's high court inasmuch as the Alabama Court of Criminal Appeals issued its certificate of judgment of final affirmance on August 29, 2012 (*see* Exhibit A, Attached Hereto). Petitioner did not collaterally attacked his conviction and sentence in the state courts of Alabama. (Doc. 1, at 4.)

Lucky filed the instant petition in this Court on or about April 14, 2016 (*see* Doc. 1, at 10), and therein contends that he is actually innocent of the charged offense of first-degree robbery (*id.* at 7 & 11-12). Indeed, in asserting that the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar his habeas corpus petition, Lucky invokes the "[a]ctual [i]nnocence" gateway. (*Id.* at 9; *see also id.* ("[P]etitioner avers that he has a clear and legal right to attack his sentencing court's judgment on the basis of its failure to sufficiently prove its case—especially in respect of lack of identification process committed by the prosecution during trial phase.").) The facts offered by Lucky in support of his actual innocence claim consist of the following:

> Dianne Evans, the alleged victim in the case underlying petitioner's sentence . . . and conviction . . .[,] was the State['s] principal witness against petitioner. Of primary importance, petitioner's conviction is solely based on the identification of petitioner by Ms. Evans. During trial[] petitioner maintain[ed] his innocence of aforesaid offense[] as he maintains his actual, factual or legal[] innocence in this Court [] pursuant to the Actual Innocence Doctrine. During trial, petitioner avers that the State failed to prove its case against petitioner as the evidence presented was insufficient. Petitioner's sentence and conviction are essentially based on the identification of Ms. Evans. No weapon and/or any other purportedly incriminating evidence was presented against petitioner during trial. During trial, Ms. Evans . . . gave conflicting statements/testimony as to whether it was "day light" or "night light" at [the] time she was allegedly robbed. R-65-R-67. She further testified that . . . "when [] they brought the lineup to my home I explained to them that [] I wasn't able to identify anybody . . . ." R-68-R-76. Th[i]s[] testimony[] was based on a misidentification of petitioner as petitioner was not among the

> group of individual[s] who purportedly and allegedly robbed Ms. Evans of her purse. Petitioner states that, also, during trial[] Ms. Evans testified that the person who robbed [her], with [a] gun, was about 5'8["], about two hundred pounds with short dreads, dark-skinned male/heavy-set. Petitioner's trial lawyer offered proof to the contrary. R-89. During trial, [the] State's other witness[,] Detective Dwight King, was unable to provide any substantial evidence against petitioner, other than share his investigative efforts. R-91-107.

(*Id.* at 11-12.)

**CONCLUSIONS OF LAW**

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted on April 24, 1996 and, pertinent to this case, added a new subdivision to 28 U.S.C. § 2244 providing for a one-year period of limitations within which state prisoners must file their habeas corpus petitions pursuant to 28 U.S.C. § 2254. *Wilcox v. Florida Dept. of Corrections*, 158 F.3d 1209, 1210 (11th Cir. 1998).

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Subsections (B), (C), and (D) of § 2244(d)(1) clearly do not apply to petitioner's case and, therefore, the timeliness of Lucky's petition must be calculated under § 2244(d)(1)(A) based upon the date on which his first-degree robbery conviction became final. "For prisoners whose convictions became final prior to the effective date of the AEDPA, the one-year statute of limitations instituted by the AEDPA began to run on its effective date, i.e., April 24, 1996." *Guenther v. Holt*, 173 F.3d 1328, 1331 (11th Cir. 1999) (citations omitted), *cert. denied*, 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). This rule from *Guenther* is obviously not applicable in this case since Lucky's conviction became final in 2012.

Section 2244(d)(1)(A) specifically provides that the one-year limitations period will run from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review[.]"On direct appeal, the

Alabama Court of Criminal Appeals affirmed Lucky's conviction and sentence on August 10, 2012. Because Lucky did not petition for certiorari review in the Alabama Supreme Court, his conviction became final on August 29, 2012, when the Alabama Court of Criminal Appeals issued a certificate of final judgment of affirmance. *Brown v. Hooks*, 176 Fed. Appx. 949, 951 (11th Cir. Apr. 18, 2006) ("On March 23, 2001, the Alabama Court of Criminal Appeals affirmed his conviction. Brown did not petition for *certiorari* review in the Alabama Supreme Court, and his conviction became final on April 10, 2001, when the Certificate of Judgment issued.")[2]; *see also Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) ("Bridges pled guilty to terroristic threats, aggravated assault and stalking charges, and was sentenced to 26 years' imprisonment on November 12, 1996. He did not appeal his convictions and sentences, but he did request that his sentence be reviewed by a sentence review panel, pursuant to O.C.G.A. § 17-10-6. . . . As provided in 28 U.S.C. § 2244(d)(1)(A), his judgment became final on the date that the time for seeking direct review expired; this date was not affected by his application for sentence review, because an application for sentence review is not a part of the direct appeal process under Georgia law. . . . Accordingly, Bridges' judgment of conviction became final on December 21, 1996, the date on which his 30-day right to appeal the November 21, 1996 judgment expired."); *Tinker v. Moore*, 255 F.3d 1331, 1332 & 1333 (11th Cir. 2001) ("Tinker was convicted on the robbery charge, and on January 29, 1997, the Third District Court of Appeal affirmed his conviction. . . . The mandate issued on February 14, 1997. . . . Under Florida law, a judgment against a criminal

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

defendant becomes final upon issuance of the mandate on his direct appeal. . . . Tinker's mandate issued on February 14, 1997, and thus he had until February 13, 1998, to file his § 2254 petition, absent tolling of the limitations period."), *cert. denied*, 534 U.S. 1144, 122 S.Ct. 1101, 151 L.Ed.2d 997 (2002).[3] Thus, Lucky's limitations period commenced on August 29, 2012 and expired on August 29, 2013, some two years and seven months before the filing of the instant habeas corpus petition.

Petitioner is unable to take advantage of the tolling provision built into § 2244(d), 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this

---

[3] This Court recognizes that AEDPA's one-year statute of limitations "allows a prisoner the time to seek direct review in the Supreme Court of the United States." *Pugh v. Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006); *see also Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) ("Appellant was entitled to file a petition for writ of certiorari in the United States Supreme Court within 90 days of the entry of the judgment against him by the Florida Supreme Court. Sup.Ct.R. 13.1. The statute of limitations under 28 U.S.C. § 2244(d) should not have begun to run until this 90-day window had expired. Appellant's state judgment became final on December 13, 1996, when the Florida Supreme Court denied Appellant's motion for a rehearing. The statute of limitations should have begun to run, therefore, on March 17, 1997."). However, in those instances, as here, where a petitioner is not entitled to seek review in the Supreme Court of the United States, he is not entitled to the benefit of the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court, Sup. Ct. R. 13.1 ("Unless otherwise provided by law, a petition for writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after the entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."); 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where . . . any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States."). *See Pugh*, 465 F.3d at 1299-1300. As previously indicated, Lucky did not seek certiorari relief in the state court of last resort, that is, the Alabama Supreme Court; therefore, he was not entitled to seek direct review in the United States Supreme Court. *See id*. Lucky's conviction became final when the certificate of judgment issued from the Alabama Court of Criminal Appeals on August 29, 2012, *Brown, supra,* and this Court need not add to that final judgment date the 90 days contemplated in Supreme Court Rule 13.1, *compare Pugh*, 465 F.3d at 1299-1300 *with Tinker, supra,* 255 F.3d at 1332 & 1333.

section."); *Guenther, supra*, 173 F.3d at 1331 ("'The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation in [subsection (d)].'"), because—by his own admission (*see* Doc. 1, at 4-6)—he did not collaterally attack his conviction and sentence in the state courts of Alabama. Accordingly, the only avenue by which this Court can consider the merits of petitioner's § 2254 petition is by finding that he is entitled to equitable tolling of AEDPA's one-year limitations period, or, otherwise, by finding that he has established his factual innocence of the crime—first-degree robbery—for which he was convicted by a jury of his peers on February 14, 2012.

In *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010), the Supreme Court specifically held, for the first time, that "§ 2244(d) is subject to equitable tolling in appropriate cases[,]" *id.* at 645, 130 S.Ct. at 2560, and reiterated "that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649, 130 S.Ct. at 2562. For its part, the Eleventh Circuit has long embraced the doctrine of equitable tolling with regard to the one-year limitations period at issue: "Equitable tolling is to be applied when '"extraordinary circumstances" have worked to prevent an otherwise diligent petitioner from timely filing his petition.' . . . Thus, the petitioner must show both extraordinary circumstances and due diligence in order to be entitled to equitable tolling." *Diaz v. Secretary for the Dept. of Corrections*, 362 F.3d 698, 700-701 (11th Cir. 2004) (citation omitted). "Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Steed v. Head,* 219 F.3d

1298, 1300 (11th Cir. 2000) (citation omitted). Thus, the one-year limitations provision need not be equitably tolled unless there is evidence that "extraordinary circumstances" beyond petitioner's control made it impossible for him to file his petition on time. *See Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."). The Supreme Court in *Holland* indicated that "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence[,]" *id*. at 653, 130 S.Ct. at 2565, and gave the following guidance with respect to "extraordinary circumstances":

> We have previously held that "a garden variety claim of excusable neglect," such as a simple "miscalculation" that leads a lawyer to miss a filing deadline, does not warrant equitable tolling. But the case before us does not involve, and we are not considering, a "garden variety claim" of attorney negligence. Rather, the facts of this case present far more serious instances of attorney misconduct. And, as we have said, although the circumstances of a case must be "extraordinary" before equitable tolling can be applied, we hold that such circumstances are not limited to those that satisfy the test that the Court of Appeals used in this case.
>
> The record facts that we have set forth in Part I of this opinion suggest that this case may well be an "extraordinary" instance in which petitioner's attorney's conduct constituted far more than "garden variety" or "excusable neglect." To be sure, Collins failed to file Holland's petition on time and appears to have been unaware of the date on which the limitations period expired-two facts that, alone, might suggest simple negligence. But, in these circumstances, the record facts we have elucidated suggest that the failure amounted to more: Here, Collins failed to file Holland's federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. Collins apparently did not do the research necessary to find out the proper filing date, despite Holland's letters that went so far as to identify the applicable legal rules. Collins failed to inform Holland in a timely manner about the

> crucial fact that the Florida Supreme Court had decided his case, again despite Holland's many pleas for that information. And Collins failed to communicate with his client over a period of years, despite various pleas from Holland that Collins respond to his letters.

*Id.* at 651-652, 130 S.Ct. at 2564. It is also clear that a federal court can consider the merits of an untimely § 2254 motion if the petitioner establishes that he is factually innocent of the crime for which he was convicted. *See San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir.) ("The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent."), *cert. denied sub nom. San Martin v. Tucker*, ____ U.S. ____, 132 S.Ct. 158, 181 L.Ed.2d 73 (2011).

Lucky makes no argument that he is entitled to equitable tolling of the one-year limitations period, and since "there is nothing in the record to support its application[,]" *Stevens v. United States*, 2013 WL 3458152, *2 n.2 (N.D. Miss. Jul. 9, 2013),[4] the undersigned is left with considering petitioner's argument that ADEPA's one-year limitations period is inapplicable because he is actually innocent of the crime for which he was convicted (Doc. 1, at 9). In making this argument, petitioner contends that he has a right to attack his conviction since the State failed to prove its case, "especially in respect of lack of identification process committed by the prosecution during trial phase." (*Id.*) Moreover, the facts supporting his claim solely relate to the putative insufficiency of the State's evidence, particularly with respect to the victim's deficient identification testimony. (*See id.* at 11-12.)

---

4 Lucky nowhere establishes that he pursued his rights diligently or that any extraordinary circumstances stood in his way and prevented him from filing a timely federal habeas corpus petition.

In *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013), the Supreme Court specifically held that "actual [factual] innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." 133 S.Ct. at 1928. However, the Supreme Court also notably cautioned that "tenable actual-innocence gateway pleas are *rare*[.]" *Id*. (emphasis supplied). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id*., quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 868, 130 L.Ed.2d 808 (1995) (other citation omitted). Here, of course, Lucky makes no actual innocence argument because he has offered no new evidence establishing his actual (factual) innocence of first-degree robbery. Instead, petitioner simply contends that the State did not prove its case—a sufficiency of the evidence claim—and attacks the victim's identification testimony, claims which could (and should) have presented by Lucky on direct appeal.[5] Thus, it is clear that petitioner cannot take advantage of the actual innocence gateway recognized in *McQuiggin*.

In short, the undersigned concludes that nothing other than Lucky's own lack of due diligence is responsible for the untimeliness of the filing of the instant petition. This is not one of those rare cases in which principles of equitable tolling can save petitioner from AEDPA's one-year limitations period, nor has he established his actual innocence of the offense for which he was convicted by a jury of his peers. Thus, the undersigned simply recommends that this Court find Lucky's federal habeas petition decidedly time-

---

[5] These claims do not support an actual (factual) innocence claim in accordance with *McQuiggin* because they rely on the evidence presented at petitioner's trial, not on any "new evidence."

barred. *Cf. Justo v. Culliver*, 317 Fed.Appx. 878, 881 (11th Cir. Aug. 21, 2008) ("Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.").

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as a district court can raise *sua sponte* the AEDPA statute of limitations, *Jackson, supra*, 292 F.3d at 1349, within the context of Rule 4, *Johnson v. Chase*, 2006 WL 2949442, *1 (S.D. Ga. Oct. 16, 2006) ("Federal district courts are empowered pursuant to Rule 4 to raise the AEDPA's statute of

limitation *sua sponte* and dismiss those actions that are time barred."), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Lucky should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted by* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

**CONCLUSION**

The Magistrate Judge recommends that Jared Lucky's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed as time-barred under § 2244(d). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of May, 2016.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**